IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANTHONY COLE,**

      Petitioner,

v.                                 **CIVIL ACTION NO.: 3:21-CV-137 (GROH)**

**RICHARD HUDGINS, Warden,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Now before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 21] on March 21, 2022. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice because the Court lacks jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on March 21, 2022. ECF No. 21. Although the return receipt was not dated when the R&R was delivered, it was signed and returned to the Clerk of Court on March 29, 2022. Thus, the Court can reasonably presume the R&R was delivered prior to March 29, 2022, but will use this date to calculate the Petitioner's deadline to file objections. To date, no objections have been filed. Accordingly, this Court reviews the R&R for clear error.

Upon careful review and thoughtful consideration, it is the opinion of this Court that Magistrate Judge Trumble's R&R [ECF No. 21] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein with one exception. Specifically, the Petition shall be dismissed without prejudice. It is well settled in the Fourth Circuit that when the Court lacks jurisdiction, dismissal must be without prejudice:

> A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits. See Fed. R. Civ. P. 41(b); Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 222 (4th Cir.2001) (en banc); see also Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."); Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir.2004) ("A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render.... 'No jurisdiction' and 'with prejudice' are mutually exclusive." (internal citation omitted)).

S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** June 3, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE